IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESARAY RAYBORN, #20121-033, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-cv-01200-JPG |
| ) | |
| USP MARION, ) | |
| FBOP, and ) | |
| WARDEN SPROUL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint (Doc. 17) filed by Plaintiff Chesaray Rayborn, an inmate in the custody of the Federal Bureau of Prisons ("FBOP"). Plaintiff claims that his placement in an illegal three-man cell at the United States Penitentiary located in Marion, Illinois ("USP-Marion"), violated his constitutional rights. (*Id.*). He brings this action for money damages against Warden Sproul, USP-Marion, and the FBOP pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

The First Amended Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## First Amended Complaint

According to the First Amended Complaint, Plaintiff was housed in an "illegal" three-man cell that was the size of a small bathroom at USP-Marion. (Doc. 17, p. 6). The overcrowded living conditions put his health and safety at risk during the COVID-19 pandemic. Plaintiff does not state that he suffered any illness or harm from these conditions. (*Id*.). In his request for relief, he instead asks the Court to "visualize the entire unit being forced to catch COVID-19." (*Id*. at 7). Plaintiff goes on to state that he was forced to live in a three-man cell "via the Obama administration" and in violation of the Centers for Disease Control and Prevention's COVID-19 guidelines on social distancing and his rights under the Eighth and/or Fourteenth Amendment(s). (*Id*. at 6). When he filed one or more grievances to complain, Warden Sproul and Counselor Hicks explained that "3 man cells are allowed for rated capacity." (*Id*. at 4).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following count in the *pro se* Complaint:

> **Count 1:** Eighth Amendment claim against Defendants for forcing Plaintiff to live in a three-man cell that posed a substantial risk of serious harm to his health and safety in light of the ongoing COVID-19 pandemic.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Count 1

Plaintiff pursues monetary relief against the defendants under *Bivens*, which provides an implied damages remedy for certain constitutional violations caused by persons acting under color of federal authority. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The Supreme

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Court has cited three instances in which this remedy has been recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Ziglar v. Abbasi*, 137 U.S. 1843, 1854-55 (2017) (citations omitted). Lower courts have been cautioned against expanding this remedy into contexts not already officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise. *Ziglar v. Abbasi*, 137 U.S. at 1859-60.

Plaintiff's claim arises under the Eighth Amendment, which prohibits inhumane living conditions that include the denial of medical care and amount to cruel and unusual punishment of convicted persons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (Eighth Amendment imposes duty on prison officials to provide humane conditions of confinement that include adequate food, clothing, shelter, and medical care). However, the Court cannot discern whether Plaintiff is pursuing a claim for the denial of medical care attendant to his forced exposure to COVID-19 or a claim for unconstitutional living conditions based on his small cell, or both. The allegations are simply too vague and ambiguous.

This distinction is an important one. A claim against federal officials for money damages arising from the denial of medical care for COVID-19 would proceed post-*Abbasi* because a similar claim for damages under *Bivens* has already been officially recognized. *See Carlson v. Green*, 446 U.S. 14 (1980) (claim for denial of adequate medical care). In contrast, a claim against federal agents for money damages based on unconstitutional living conditions may represent an expansion of the *Bivens* remedy that is unauthorized post-*Abbasi*, unless special factors counsel otherwise. Without basic factual allegations describing the exact nature of Plaintiff's claim(s), the Court simply cannot tell whether Count 1 can proceed post-*Abbasi*.

In addition, the allegations do not articulate a claim against the defendants, whether construed as a claim for the denial of medical care or unconstitutional living conditions. As for the former claim based on inadequate medical care, the Court cannot determine whether Plaintiff suffered from a serious medical condition at all or whether any individual defendant responded to the condition with deliberate indifference. As for the latter claim based on unconstitutional living conditions, the Court is unaware of the conditions Plaintiff faced in his three-man cell, including the exact dimensions of the cell, whether the cell included furniture and plumbing that further reduced the size and capacity, whether other cellmates occupied the space, and what other conditions posed a threat to his health or safety there. Moreover, Plaintiff does not describe what he told Warden Sproul or Counselor Hicks about the three-man cell in his grievance, so it is unclear whether either individual knew about the conditions he faced.

Beyond this, Plaintiff cannot pursue his claim for money damages against USP-Marion and FBOP. Neither defendant is an individual federal agent, and the implied damages remedy under *Bivens* does not extend to the employer of individual federal agents. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 & n.2 (2001); *Holz v. Terre Haute Reg'l Hosp.*, 123 F. Appx. 712 (7th Cir. 2005); *Muick v. Glenayre Elec.*, 280 F.3d 741, 742 (7th Cir. 2002); *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself.").

For each of these reasons, Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted against Warden Sproul, USP-Marion, and the FBOP.

**Disposition**

**IT IS ORDERED** that the First Amended Complaint (Doc. 17) is **DISMISSED** without prejudice.  **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted against Defendants **WARDEN SPROUL, USP-MARION,** and **FBOP.**

If he wishes to re-plead any of the claims in this case, Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **April 14, 2022**.  Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamming*a, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall also count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

If he does choose to proceed, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "Second Amended Complaint," and he should use the case number for this action (No. 21-cv-01200-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Second Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint.  28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 3/17/2022**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**