IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESARAY RAYBORN, #20121-033, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-01200-JPG |
| | ) |
| WARDEN SPROUL and | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Chesaray Rayborn brings this action *pro se* pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for claims stemming from his exposure to inmates who tested positive for COVID-19 at the United States Penitentiary in Marion, Illinois (USP-Marion). At screening, the Court allowed Rayborn to proceed with two claims against Warden Sproul, including an Eighth Amendment conditions-of-confinement claim (Count 1) and an Illinois medical negligence/malpractice claim (Count 2). (Docs. 21-23). In lieu of an answer, Warden Sproul filed two motions: (1) a Motion to Dismiss Warden Sproul and Substitute United States in Count 2 (Doc. 30); and (2) a Motion to Dismiss Count 1 under *Egbert v. Boule*, 142 S. Ct. 1793 (2022), and Count 2 under the Federal Tort Claims Act's (FTCA) Quarantine Exception or, In the Alternative, Motion for Summary Judgment for Failure to Exhaust Administrative Remedies as to Counts 1 and 2 (Doc. 31).

For the reasons set forth herein, Defendant's motions (Docs. 30, 31) shall be **GRANTED**. Because Rayborn failed to exhaust his administrative remedies before bringing suit, this case shall be **DISMISSED without prejudice**.

1

## BACKGROUND

According to the Second Amended Complaint, Rayborn was forced to live with two other inmates in a cell designed for two individuals at USP-Marion. (Doc. 21, p. 6; Doc. 22, pp. 1-2). In the midst of the COVID-19 pandemic, he was required to live in these cramped quarters alongside inmates who tested positive for the virus. Warden Sproul was aware of Rayborn's complaints about the conditions and the serious risk of harm they posed to his health and safety. But, the warden took no steps to reduce inmate exposure to the virus because he wanted to achieve herd immunity. (*Id*.).

Following preliminary review of this matter under 28 U.S.C. § 1915A, Rayborn was allowed to proceed with two claims against Warden Sproul, including an Eighth Amendment claim for unconstitutional conditions of confinement (Count 1) and an Illinois medical negligence/malpractice claim (Count 2). (Doc. 23). Instead of an answer, Warden Sproul filed a motion to dismiss Warden Sproul and substitute United States in Count 2 (Doc. 30) and a motion to dismiss Count 1 under *Egbert* and Count 2 under the FTCA's quarantine exception or, alternatively, grant summary judgment on the issue of exhaustion of administrative remedies for both claims (Doc. 31). Rayborn opposed summary judgment, but he did not dispute the argument that his efforts to exhaust administrative remedies were undertaken *after* filing suit. (Doc. 35).

## DISCUSSION

**1.     Motion to Dismiss Warden Sproul and Substitute United States in Count 2 (Doc. 30)**

The motion to substitute the United States in place of Warden Sproul and convert Count 2 to an FTCA claim shall be granted. An action against the United States under the FTCA provides the exclusive remedy for "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). The Westfall Act amended

the FTCA to require substitution of the United States as a defendant in a tort suit brought against a government employee. *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(1)). It grants federal employees absolute immunity from tort claims arising out of acts undertaken in the course and scope of a federal employee's employment. *Id*. at 230 (citing 28 U.S.C. § 2679(b)(1)). The Act empowers the Attorney General to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. §§ 2679(b)(1), (d)(1)). Upon such certification, the United States is substituted as the defendant in place of the federal employee, and the employee is dismissed. 28 U.S.C. § 2679(d)(1)). The FTCA then governs the tort claims against the United States.

Consistent with this procedure, Warden Sproul and the United State of America's motion to substitute shall be granted. Count 2 shall proceed as a claim under the FTCA against the United States. This claim shall be dismissed with prejudice against Warden Sproul.

**2.      Motion for Summary Judgment for Failure to Exhaust (Doc. 31)**

Warden Sproul and the United States seek summary judgment based on Rayborn's failure to exhaust his available administrative remedies before bringing suit. Defendants maintain that Rayborn filed all Requests for Administrative Remedies and Appeals *after* commencing this action on September 30, 2021. (Doc. 31-1 at ¶ 7). Rayborn does not dispute this. (Doc. 35). The question before the Court is whether his submission of his Requests for Administrative Remedies or Appeals between December 21, 2021 and August 10, 2022, satisfies the PLRA's exhaustion requirement under the circumstances presented. (Doc. 31-1, ¶ 7a.-d.).

A.   Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The moving party has the burden of establishing that no material facts are genuinely disputed.  *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).  Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Generally, the court cannot resolve factual disputes on a motion for summary judgment; they must be decided by a jury.  *See, e.g., Roberts v. Neal*, 745 F.3d 232, 234 (7th Cir. 2014) ("[A] trial is the standard means of resolving factual disputes. . . .").  But, the opposite is true when the motion pertains to a prisoner's failure to exhaust.  The Seventh Circuit has instructed courts to conduct an evidentiary hearing to resolve contested issues of fact regarding a prisoner's purported failure to exhaust.  *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008); *Wagoner v. Lemmon*, 778 F.3d 586, 590 (7th Cir. 2015); *Roberts*, 745 F.3d at 234.  Where there are no material factual disputes, an evidentiary hearing is not necessary.  *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).  Because there are no disputed issues of material fact, no hearing is necessary here.

B.   Prison Litigation Reform Act

The Prison Litigation Reform Act (PLRA) provides that a prisoner may not bring a lawsuit about prison conditions until he exhausts available administrative remedies.  42 U.S.C. § 1997e(a); *Pavey*, 663 F.3d 899, 903 (7th Cir. 2011).  The exhaustion requirement applies to state and federal

4

inmates alike. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). As a federal inmate, Rayborn is subject to the PLRA's exhaustion requirement.

Proper exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Seventh Circuit Court of Appeals demands strict compliance with the exhaustion rules. *Doe v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). To properly exhaust, a prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Woodford*, 548 U.S. at 90. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust his . . . remedies." *Pozo*, 286 F.3d at 1024. "The exhaustion requirement is an affirmative defense which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d at 903.

C.  FBOP Administrative Remedies Process

The FBOP makes available an administrative remedies process for all inmates seeking formal review of an issue relating to any aspect of that inmate's confinement. (Doc. 31-1, ¶ 3) (citing 28 C.F.R. §§ 542.10-.19). Inmates are first encouraged to seek informal resolution of their complaint by presenting it to a staff member before initiating the formal grievance process. *Id*. at ¶ 4 (citing 28 C.F.R. § 542.13). If the attempt at informal resolution is unsuccessful, the inmate may initiate the grievance process by filing a Request for Administrative Remedy at the institution using a BP-9. *Id*. (citing 28 C.F.R. § 542.14). If the inmate is not satisfied with the disposition of the grievance, he may appeal to the Regional Director using a BP-10. *Id*. (citing 28 C.F.R. § 542.15). If this does not resolve the issue, the inmate may appeal to the General Counsel by submitting a BP-11. *Id*. The Appeal to the General Counsel is considered the final level of the administrative remedies process. *Id*. After the appeal is denied or the time for addressing it expires, the appeal is deemed denied. *Id*. (citing 28 C.F.R. § 542.18).

D.     FTCA's Exhaustion Requirement

Federal inmates may bring suit against the United States under the FTCA for injuries they sustain while incarcerated, but only after presenting the claim to the federal agency responsible for the injury and waiting six months for written denial of the claim. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). "[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain for . . . personal injury, or death alleged to have occurred by reason of the incident. . . ." 28 C.F.R. § 14.2(a). If a plaintiff fails to exhaust his or her administrative claim before filing suit, the FTCA claim must be dismissed. *Glade v. United States*, 692 F.3d 718, 723 (7th Cir. 2012).

E.     Discussion

The following facts are undisputed: Rayborn filed suit on September 30, 2021. According to the FBOP's SENTRY database, he pursued exhaustion of his Eighth Amendment claim in Count 1 but made no effort to exhaust his FTCA claim in Count 2. (Doc. 13-1, ¶ 6). He submitted a BP-9 at the institution, where it was assigned Remedy ID 1104699-F1 on December 21, 2021 and denied on December 22, 2021. (Doc. 31-1, ¶ 7a). He then appealed by submitting a BP-10 to the FBOP's North Central Regional Office, where his appeal was assigned Remedy ID 1104699-R1 on January 21, 2021 and closed on March 15, 2022. (Doc. 31-1, ¶ 7b). Rayborn next appealed by submitting a BP-11 to the FBOP's Central Office, where his appeal was assigned Remedy ID 1104699-A1 on April 26, 2022 and rejected May 5, 2022. (Doc. 31-1, ¶ 7c). He resubmitted the appeal to the Central Office on June 3, 2022, and the appeal was identified as Remedy ID 1104699-A2 and closed August 10, 2022. (Doc. 31-1, ¶ 7d).

Rayborn failed to exhaust his available administrative remedies before bringing suit. He does not dispute the above chronology of events or claim that prison officials thwarted his efforts to exhaust his administrative remedies before filing suit. He instead adopted the "file suit now, exhaust later" approach that is forbidden by the PLRA. *Ford v. Johnson*, 362 F.3d 395, 398-400 (7th Cir. 2004).

Under the PLRA, exhaustion is a precondition to suit. 42 U.S.C. § 1997e(a). The purpose of exhaustion is to give prison officials the opportunity to resolve disputes informally and expeditiously without court intervention. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999) (exhaustion serves dual purposes of "narrow[ing] a dispute [and] avoid[ing] the need for litigation"). Prison officials must have an opportunity to address disagreements internally before a plaintiff seeks the court's intervention. "Until the issue of exhaustion is resolved, the Court cannot know whether it is to decide the case or the prison authorities are to." *Pavey*, 544 F.3d at 741. Rayborn cannot sue first and exhaust later. Because he has attempted to do so here in connection with Count 1 and demonstrated no efforts to exhaust Count 2, the motion for summary judgment on the issue of exhaustion shall be granted, and this action dismissed without prejudice.

## DISPOSITION

**IT IS ORDERED** that Defendant's Motion to Dismiss Warden Sproul as to Count 2 and Substitute United States In His Stead (Doc. 30) is **GRANTED**. **COUNT 2** proceeds against Defendant **UNITED STATES** under the Federal Tort Claims Act and is **DISMISSED** with prejudice against Defendant Warden Sproul. The Clerk's Office is **DIRECTED** to **ADD** the **UNTIED STATES** as a Defendant in CM/ECF.

**IT IS ORDERED** that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 31) is **GRANTED**, and the related Motion to Dismiss for Failure to State a Claim (Doc. 31) is **DISMISSED** without prejudice.  **COUNTS 1** and **2** are **DISMISSED** without prejudice based on Rayborn's failure to exhaust his available administrative remedies before bringing either claim.

Because no other claims remain pending, this action is **DISMISSED.**  If Rayborn wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Rayborn does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  See FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  He must list each of the issues he intends to appeal in the notice of appeal.  If the appeal is found to be nonmeritorious, Rayborn may also incur a "strike."  A proper and timely motion seeking reconsideration of this Order and filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  July 28, 2023**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

8